UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CCELL CLOSED CANNABIS OIL VAPORIZATION SYSTEMS AND COMPONENTS PRODUCTS ANTITRUST LITIGATION. | Case No. 25-md-03161-VC (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 131 |

The Court grants Defendant Shenzhen Smoore Technology Co. ("Smoore")'s request for a protective order. The three depositions currently scheduled for October 22–29, 2026, in Hong Kong, including Smoore's 30(b)(6), shall be continued until January 2027.

Within the past two weeks, Smoore learned that three co-Defendants had settled and had agreed to produce documents on October 9, October 16, October 30, November 13, and December 4, 2026. Dkt. 131-1, Sears Decl. ¶¶ 18, 25. The first production, on October 9, included 53,000 documents, approximately 20,000 of which copied the three Smoore witnesses whose depositions are scheduled for October 22–29. *Id.* ¶ 26. Given the timing of these productions and the identification of the witnesses in a large portion of the first production, the Court concludes that postponing the depositions until January 2027 will best ensure that Smoore's counsel and witnesses have time to review the newly produced documents before the depositions and will reduce the likelihood that the depositions will need to

be reopened after the productions are complete.

Plaintiffs worry that if the depositions are moved to January 2027, they won't have enough time to incorporate the deposition testimony into their class certification arguments. Plaintiffs' motion for class certification is due February 5, 2027. Dkt. 123. Although this concern is valid, it was Plaintiffs, not Smoore, who established the timeline for the settling Defendants' document productions, and the Court agrees with Smoore that it "should not be penalized for timelines it cannot control." Dkt. 131 at 3. Also, to avoid a scenario in which the depositions don't take place until right before Plaintiffs' motion deadline, the Court will require the depositions to occur by January 14, 2027. This deadline will give Plaintiffs three full weeks to incorporate the testimony into their certification motion.

Plaintiffs also note that they have invested resources preparing for the depositions this month—"including booking international travel and arranging for a court reporter and translator." Dkt. 131 at 4. Smoore has reasonably addressed this concern. Smoore has agreed to "reimburse documented, non-refundable, and unavoidable costs from rescheduling." *Id.* at 3. The Court will hold Smoore to that promise.

The Court grants Smoore's request for a protective order. The three depositions in question—of Mansi "Shallyn" Lin, Zhouyue "Winter" Wen, and Qinqi "Roid" Zhang—needn't take place this month but must take place by January 14, 2027.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Alex G. Tse
United States Magistrate Judge