UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re CCELL CLOSED CANNABIS OIL VAPORIZATION SYSTEMS AND COMPONENTS PRODUCTS ANTITRUST LITIGATION.

Case No. 25-md-03161-VC (AGT)

**ORDER ON MOTION TO COMPEL**

Re: Dkt. No. 137

The direct purchaser plaintiffs ("Plaintiffs") have asked the Court to compel nonparty iKrusher, Inc., to produce the following categories of documents in response to a subpoena: (i) ten years of "transactional data related to the purchase and sale of Vapes," (ii) "any analyses of the market for the relevant products at issue," and (iii) documents iKrusher produced in an ITC investigation involving Vapes. Dkt. 137-6 at 1–2.

Plaintiffs intend to use iKrusher's transactional data, in conjunction with Defendants' data, to model pricing differences in the non-CCELL and CCELL markets. Plaintiffs allege that Defendants artificially inflated prices in the CCELL market. iKrusher is a participant in the *non*-CCELL market. *See* Dkt. 137 at 4. Plaintiffs contend that iKrusher's market analyses and ITC-related documents may "constitute evidence of Smoore's exclusionary conduct."

*Id.* As alleged, Defendant Smoore pursued "baseless litigation before the [ITC] . . . against dozens of would-be competitors," including against iKrusher. *Id.* at 3.

In opposition to the motion to compel, iKrusher has raised legitimate questions about the scope of the subpoena, to which Plaintiffs have offered no reply. These questions are:

- Why do Plaintiffs need "granular purchasing and sales data"? Dkt. 158 at 2. Why isn't "anonymized and aggregated data" sufficient? *Id.* at 4.
- How would iKrusher's market analyses and ITC documents demonstrate, or otherwise indicate, exclusionary conduct by Smoore? *See id.*
- Will the protective order provide all of the confidentiality protections that iKrusher seeks? *See id.* at 6. If not, why are those protections not needed?

These open questions indicate that further meet-and-confer efforts are needed. By November 16, 2026, Plaintiffs and iKrusher must meet and confer further, in person or by videoconference, in an attempt to narrow or resolve their dispute. If a dispute remains thereafter, Plaintiffs may renew their motion to compel.

Plaintiffs' motion to compel is denied without prejudice.

**IT IS SO ORDERED.**

Dated: November 10, 2026

Alex G. Tse
United States Magistrate Judge